United States District Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mary Gaye,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action H-21-2738 |
| | § | |
| The Independent Order of<br>Foresters and Akinlaja Odufuye,<br>    Defendants. | §<br>§<br>§<br>§ | |

# Report and Recommendation

Mary Gaye filed this insurance case against The Independent Order of Foresters (Foresters) and Akinlaja Odufuye in Texas state court alleging various causes of action arising from Foresters' denial of payment on her husband's life insurance policy. ECF No. 1-2 (Orig. Pet.). Foresters removed the case based on diversity jurisdiction, asserting that Odufuye was improperly joined. ECF No. 1 at 2. Gaye filed a motion to remand. ECF No. 5. Foresters opposed the motion. ECF No. 7. Gaye did not file a reply. The court recommends that the motion to remand be DENIED and that the claims against Odufuye be dismissed without prejudice.

*1. Background*

Gaye's state court petition states that Odufuye, an agent for Foresters, went to Gaye's home on April 24, 2019, for the purpose of selling a life insurance policy to her husband (the insured). Orig. Pet. ¶¶ 8–9. The petition states:

> 9. Defendant Akinlaja Odufuye (Odufuye) is an agent of Foresters who sold a life insurance policy to Plaintiff's husband for the benefit of Foresters.
>
> 11. Plaintiff and the insured were relying on the representations of Odufuye with regard[] to the proper way to purchase the life insurance product.

> 12. Odufuye asked questions and Plaintiff and the insured truthfully answered the questions and were clear in telling Odufuye the medical problems of the insured.
>
> 13. Because the answers were truthful, Odufuye had to fill out other paperwork related to the health of the insured.
>
> 14. Odufuye was who wrote down the responses of the insured and the insured did not fill out any paperwork related to the application for insurance.
>
> 15. After[] the insured had truthfully answered all the questions asked by Odufuye, the insured's electronic signature was made on the application for life insurance by Odufuye.
>
> 16. Odufuye told the insured and Plaintiff that the insured was now covered by life insurance.

*Id.* ¶¶ 9, 11–16.

On July 11, 2020, the insured died. Orig. Pet. ¶ 19. Gaye "made a timely claim for life insurance benefits and cooperated with Foresters['] investigation of the claim." *Id.* ¶ 20. On November 25, 2020, Foresters denied the claim, stating that "the insured had misrepresentations in his application for life insurance." *Id.* ¶ 21. Gaye alleged in her petition that "[t]here were no misrepresentations made." *Id.*

Plaintiff alleges that "[d]ue to the conduct of Odufuye, Plaintiff has suffered [various forms of pain and mental anguish]." Orig. Pet. ¶ 22. Later, in the context of her negligence claim, Plaintiff alleges that "Defendants owed a legal duty to Plaintiff to properly write down Plaintiff['s] and the insured['s] responses to questions regarding the life insurance application" and that "Defendants breached that duty." *Id.* ¶¶ 34-35.

Nowhere in the Plaintiff's state court petition does she state with any precision what fact Odufuye allegedly misrepresented. It is not clear what answer to what question Odufuye wrote down incorrectly. On the one hand, Plaintiff states that her husband was truthful and that his truthful answers led Odufuye to follow up with further inquiries about her husband's health. Orig. Pet. ¶ 13. This

would indicate that Odufuye did write down the answers given. On the other hand, Plaintiff says that Defendants (collectively) failed to write down the husband's answers "regarding the life insurance application." *Id.* ¶¶ 34-35. But even then, the state court petition does not say what information the husband gave to Odufuye, what Odufuye wrote down, or whether the incorrect information had anything to do with the later denial of insurance coverage.

On July 14, 2021, Gaye filed her original petition in state court. On August 20, 2021, Foresters removed the case based on diversity jurisdiction, asserting that Odufuye was improperly joined because Gaye lacked a reasonable basis for recovering from Odufuye. ECF No. 1 at 2.

On August 27, 2021, Gaye filed a motion to remand the case, arguing that Odufuye was not fraudulently joined and destroys diversity. ECF No 5; ECF No. 6 at 2. Gaye argues that she alleged in her petition that the insured answered all questions truthfully and that Odufuye recorded the answers on the application and affixed the insured's electronic signature. ECF No. 6 at 2. Gaye further argues, "Assuming that Foresters' assertion that the application had misrepresentations in it[] is correct, it is alleged that it was Odufuye who filled out the application incorrectly and signed it." *Id.* Foresters filed a response to the motion to remand, arguing that, in her motion, Gaye misrepresents the allegations in her petition and that she did not state a possible basis of recovery for any claim raised against Odufuye. ECF No. 7 at 11–19.

2. *Removal Standards*

A. *Diversity Jurisdiction*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332(a), 1441; *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). The burden is on the removing party to show

that federal jurisdiction exists. *Wolf v. Deutsche Bank Nat'l Tr. Co.*, 745 F. App'x 205, 207 (5th Cir. 2018).

To establish diversity of citizenship, no plaintiff may be a citizen of the same state as any defendant. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013). A corporation is deemed to be a citizen of every state or foreign state of incorporation and of the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A person's citizenship is synonymous with his state of domicile. *Dos Santos*, 516 F. App'x at 403.

Foresters represented in its notice of removal that it is "an incorporated fraternal benefit society organized and existing pursuant to the laws of Canada with its place of incorporation and principal place of business in Toronto, Canada" and that Odufuye is a citizen of Texas. ECF No. 1 at 2. Foresters asserted that Gaye is also a citizen of Texas. *Id.* These facts are undisputed. In the notice of removal and the response to the motion to remand, Foresters argues that, even though Odufuye is a citizen of Texas, his citizenship should be disregarded in determining subject matter jurisdiction because Gaye improperly joined Odufuye. ECF No. 1 at 2, 8, 10.

### B. Improper Joinder

The case may not be removed based on diversity of citizenship, however, "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The citizenship of a defendant improperly joined to defeat the court's diversity jurisdiction is disregarded; that defendant is dismissed from the case; and the court exercises jurisdiction over the remaining defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The removing party bears the burden of proving improper joinder. *Wolf*, 745 F. App'x at 207; *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (describing the burden of proving improper joinder as "heavy"). Improper joinder may be shown in two ways. The defendant must either show that there was actual fraud in the pleading of jurisdictional facts or that the plaintiff cannot establish a

4

cause of action against the nondiverse defendant in state court. *Smallwood*, 385 F.3d at 573. Foresters does not allege that there is actual fraud in the pleadings, so the court focuses only on whether Gaye can establish a cause of action against Odufuye in state court.

The inquiry for the court is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In making that inquiry, the court normally engages in a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. If, however, the plaintiff can survive a Rule 12(b)(6)-type challenge but has misstated or omitted discrete facts that would change the result, the court may pierce the pleadings and engage in a summary-judgment-type analysis. *Id*. Foresters bases its opposition solely on the pleading-standard analysis.

"It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atl. Corp. v. Twombly*[, 550 U.S. 544 (2007).]" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). Under the federal pleading standard, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

*3. Analysis*

    *A. Insurance Code Causes of Action*

Against Odufuye, an insurance agent, Gaye alleged violations of Texas Insurance Code §§ 541.051(1), 541.061(1) and 541.061(3) as well as causes of action under common law. Orig. Pet. ¶¶ 24–44.

Texas Insurance Code § 541.051(1) prohibits the making of a statement misrepresenting the terms of the policy, the benefits promised by the policy, or the dividends to be received on the policy. Texas Insurance Code § 541.061(1) prohibits the making of an untrue statement of material fact, and Texas Insurance Code § 541.061(3) prohibits the making of "a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact[.]"

A plaintiff may assert a claim under Chapter 541 of the Texas Insurance Code (Chapter 541) against an agent engaged in the business of insurance. *See* Tex. Ins. Code § 541.002(2) (defining the word "person" to include an agent of an insurer); Tex. Ins. Code § 541.151(1) (stating, in part, that "[a] person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined . . . to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance"). To state a cause of action under any of these Insurance Code sections, the Plaintiff must at minimum articulate what misrepresentations the agent made. *Saenz v. Allstate Inc. Corp.*, No. M-11-130, 2011 WL 13257706 at *2 (S.D. Tex., Aug. 19, 2011) (concluding that there was no plausible basis for recovery against the insurance agent when the petition merely stated that the agent sold the policy and then pleaded causes of action against the defendants generally).

The court concludes that Gaye has failed to allege facts with respect to Odufuye that raise the possibility of recovery beyond the

level of speculation. The court has reviewed the state court petition carefully and cannot discern what it is that Odufuye misrepresented. Gaye does not state what fact he wrote down incorrectly or whether anything Odufuye allegedly did or did not do had anything to do with the ultimate denial of coverage.

The court notes that Foresters' response includes the application that Plaintiff's husband filled out with Odufuye. ECF No. 7-4. The court may consider the application because it is referred to in the state court petition and is central to Plaintiff's claims. *Fisher v. Primerica Live Ins. Co.*, No. 1:17-CV-382, 2017 WL 10846281, at *4 (E.D. Tex., Dec. 13, 2017). The application contains fifteen separate yes/no questions about the applicant's medical conditions. *Id.* at 65-66. Some of those questions were answered in the affirmative. In particular, the court notes that Plaintiff's husband disclosed that he was on medications and that he had been diagnosed or treated for one or more of a list of several diseases, including diabetes. *Id.* This is significant because Plaintiff argues in her motion to remand that the misrepresentation had something to do with Plaintiff's husband's diabetic condition. ECF No. 6 at 2. The court recognizes that it is bound in this analysis to refer only those allegations in the complaint, *Saenz*, 2011 WL 13257706, at *3, but even if the court considered Plaintiff's argument, it is still not clear what was misrepresented. It appears that the diabetic or related condition was disclosed. Moreover, because there are so many medical questions in the application, the court is left to guess which question was answered incorrectly. Such speculation on the part of the court would be improper.

### B. Negligence

Plaintiff's negligence claim against Odufuye fails for the same reasons as do her Insurance Code claims. There are no facts pleaded to demonstrate that Odufuye did any act or failed to do any act in violation of any duty he owed Plaintiff. Moreover, to the extent that Odufuye breached a legal duty owed to Plaintiff, there are no facts pleaded from which the court can conclude that Odufuye's breach

caused Plaintiff's damages. Again, there is no way to tell what the applicant told Odufuye, what Odufuye wrote down, or whether any inaccuracy on Odufuye's part led to the denial of the claim.

### C. Breach of Contract

Plaintiff does not allege that there was a contract between her and Odufuye. She cannot recover for breach of contract.

### D. Prompt Payment of Claims Act

Plaintiff has not shown that Odufuye, as the agent who merely sold the policy, would have had any responsibility for paying the claim. She cannot recover against Odufye on this cause of action.

### E. Equitable Estoppel

Under Texas law, equitable estoppel is a defensive theory, not an independent cause of action. *City of Dallas v. PDT Holdings, Inc.*, No. 05-21-00018-CV, 2021 WL 3733059, at *5 (Tex. App.—Dallas, Aug. 24, 2021, no pet.). Gaye cannot recover against Odufuye under this theory.

### F. Attorney's Fees and Damages

Because Gaye has no viable causes of action against Odufuye, she cannot recover attorney's fees, costs, interest, or anything else against Odufuye.

## 4. Conclusion

Because Gaye has no plausible basis for recovery against Odufuye, his citizenship is disregarded for purposes of diversity jurisdiction. There is complete diversity among the remaining parties. The court has subject matter jurisdiction. The court recommends that the motion to remand be DENIED and the claims against Odufuye be dismissed without prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 7, 2022.

_____
Peter Bray
United States Magistrate Judge